# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



ROBERT EARL MITCHUM,   )
                           )
     Petitioner,       )
                           )
v.                     )     Case No. CV405-009
                           )
CARL HUMPHREY, Warden,   )
                           )
     Respondent.    )

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the Court recommends that the petition be DISMISSED.

## I.  BACKGROUND

On March 16, 1999, the Bryan County grand jury returned a true bill of indictment against petitioner charging him with malice murder (count 1), felony murder (count 2), and aggravated assault (count 3). Resp. Exh. 8, indexed trial court record at pp. 3-5. After a trial by jury, petitioner was

convicted of counts two and three of the indictment. Id. at 4. The jury acquitted petitioner of count one. Id. The trial court sentenced petitioner to life in prison on count two and merged count three into count two for sentencing purposes. Id. at 262.

Petitioner appealed his conviction and sentence to the Georgia Supreme Court, raising ten enumerations of error including ineffective assistance of his trial counsel. Resp. Exh. 8, appellant's brief at p. 7. On June 4, 2001, the Georgia Supreme Court affirmed the conviction and sentence. Mitchum v. State, 274 Ga. 75, 548 S.E.2d 286 (2001). Resp. Exh. 10. The state supreme court denied petitioner's motion for reconsideration in a July 16, 2001 order. Id.

On April 17, 2002, petitioner filed a state habeas corpus petition challenging his convictions. Resp. Exh. 1. Petitioner later filed two amendments in which he raised additional grounds for relief, bringing the total number of grounds for relief to forty-three. Resp. Exhs. 2 & 3. After holding an evidentiary hearing on July 17, 2002, the state habeas corpus court denied relief in an order filed February 9, 2004. Resp. Exh. 4. The Georgia Supreme Court denied petitioner's application for a certificate of

probable cause to appeal in an order entered September 28, 2004. Resp. Exh. 5. The Georgia Supreme Court then denied petitioner's motion for reconsideration on October 25, 2004.

On January 13, 2005, petitioner executed the instant petition asserting 37 grounds for relief:

(1)    ineffective assistance of trial counsel for:

    (a)    failing to serve Uniform Superior Court Rule 31 notice on the state;

    (b)    failing to object to the state's lack of notice of its intent to present evidence of similar transactions;

    (c)    failing to argue regarding the wide scope of the state's motion in limine;

    (d)    failing to proffer the testimony of Waylon Hodges;

    (e)    failing to move for a mistrial;

    (f)    failing to object to leading questions and the prejudicial effect of photographs admitted at trial;

    (g)    failing to move for a mistrial when it was discovered that the trial judge and the prosecutor's father, Senior Judge John R. Harvey, ate lunch at the same restaurant as the jurors;

    (h)    failing to move for a mistrial or object to the presence in the courtroom of the Atlantic Circuit

Senior Judge John R. Harvey, who was also the prosecutor's father;

(i)    failing to move for a mistrial because the prosecution did not present the testimony of William Garrett and Vicky Lynn Bacon;

(j)    failing to renew his request to the Court to admonish the bailiffs for having contact with the jurors;

(k)    failing to object or move for mistrial on the grounds that one of the bailiffs was related to the chief investigator for the state;

(l)    failing to challenge the credibility of the state's witnesses; and

(m)    failing to point out inconsistencies in the testimony of the state's witnesses in his closing argument.

(2)    ineffective assistance of appellate counsel for:

(a)    failing to raise on appeal trial counsel's ineffective assistance for his failure to poll and/or voir dire the jurors before trial began;

(b)    failing to raise trial counsel's failure to move to have the jurors sequestered;

(c)    failing to argue on appeal that trial counsel had allowed the state to violate its disclosure duties;

(d)    failing to raise on appeal that trial counsel had advance notice of the state's motion in limine to exclude prior acts of violence by the victim;

4

(e)     failing to raise the trial court's decision not to give cautionary instruction or to admonish the bailiffs for contact with jurors;

(f)     failing to argue trial counsel's ineffective assistance for not moving for a mistrial based on the bailiffs' contact with jurors;

(g)     failing to raise trial counsel's failure to request cautionary instructions when motion for mistrial was denied.;

(h)     failing to raise trial counsel's failure to renew motion for mistrial based on the prosecution's failure to present the testimony of William Garrett and Vicky Lynn Bacon;

(i)     failing to raise on appeal trial court's refusal to give "mistake of fact" instruction to the jury;

(j)     failing to raise trial counsel's failure to move for a mistrial based on the trial judge and Judge Harvey eating lunch at the same restaurant as the jurors; and

(k)     failing to subpoena trial counsel for the hearing on petitioner's motion for a new trial.

(3)     denial of the right to a fair trial based on:

(a)     the trial judge's conflict on interest based on Judge Harvey's presence in the courtroom during the trial

(b)     the trial court's failure to grant a continuance as requested by petitioner;

(c)     the trial court's failure to give cautionary instructions to the jurors and to admonish the bailiffs for contact with jurors;

(d)     the trial court's grant of the state's motion in limine;

(e)     the trial court's failure to declare a mistrial;

(f)     the trial judge's expression of his opinion outside the presence of the jurors regarding what witnesses trial counsel should or should not call;

(g)     the trial judge's limitation on trial counsel's cross-examination of Jackie Jenkins and Ronald Bell, Jr.;

(h)     the trial court's failure to give the "mistake of fact" jury instruction as requested by trial counsel;

(i)     the verdict being contrary to the evidence and without evidentiary support; and

(j)     the trial judge's refusal to grant petitioner's motion for a new trial;

(4)   denial of the right to a fair trail based on:

(a)     the prosecutor's intentional failure to disclose exculpatory and impeachment evidence; and

(b)     the prosecutor asking petitioner highly prejudicial questions on cross-examination;

(5)     denial of access to the courts because the state habeas court abused its discretion in denying his petition for state habeas relief.

Respondent filed his answer and response on May 4, 2005.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In <u>Neeley v. Nagle</u>, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine

the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." Id. at 923.[1]  A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent.  Neeley, 138 F.3d at 923.  A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts.  Id. at 923, 924.

_____

[1]Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997).  "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Id. at 869.  Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 529 U.S. 362, 412 (2000).

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d at 870.[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neeley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,'nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the

---

[2]The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

> grave remedy of upsetting a judgment entered by
> another judicial system after full litigation is
> reserved for grave occasions. That is the principal
> change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable," the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[3]

---

[3]The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:

> [O]f course the better the job the state court does in explaining the
> grounds for its rulings, the more likely those rulings are to withstand
> further judicial review. That is just realism. It doesn't follow that the
> criterion of a reasonable determination is whether it is well-reasoned. It
> is not. It is whether the determination is at least minimally consistent
> with the facts and circumstances of the case.

Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); see Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that

The Eleventh Circuit has recognized that the "reasonable jurist" standard, which the Neeley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision

---

the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." Hennon, 109 F.3d at 334 (citation omitted); see also Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying Strickland would justify granting habeas relief); Berryman v. Horton, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

## III.  ANALYSIS

### A.  Procedural Default – Successive Petition Rule

Petitioner presents a number of claims to this Court that were not previously raised before the state courts in his state habeas petition. Specifically, grounds 2(c), 2(h), 3(j), and 4 were not raised in the state habeas petition. According to O.C.G.A. § 9-14-51, any grounds not raised in the original or amended writ of habeas corpus are waived unless the grounds could not have been so raised. There is no indication that these claims could not have been raised earlier. Therefore, the successive petition rule would apply and this Court must decline to review the merits of these new claims. Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998). Accordingly, the Court recommends that habeas relief be DENIED on these newly asserted grounds.

## B.  Procedural Default – Failure to Raise at Trial or on Appeal

A number of petitioner's now asserted claims for ineffective assistance of counsel were previously raised before the state habeas court. Specifically, petitioner raised grounds 1(g), 1(h), 1(i), 1(j), 1(k), 1(l), 3(a), 3(c), 3(e), and 3(h) before the state habeas court. However, because petitioner had not raised those claims at trial and on direct appeal, the state habeas court found those claims to be procedurally defaulted based on O.C.G.A. § 9-14-48(d), which provides that habeas relief will not be granted on claims that were not raised at trial and on direct appeal absent a showing of cause and actual prejudice. The state habeas court found no showing of the requisite cause and prejudice to excuse the procedural default. Resp. Exh. 4, p. 6.

The Eleventh Circuit, following Supreme Court precedent, has held that "the considerations of comity that underlie the procedural bar doctrine require federal habeas courts to honor state procedural rules, and not only state courts' procedural rulings." Lindsey v. Smith, 820 F.2d 1137, 1143 (11th Cir. 1987) (citing Engle v. Isaac, 456 U.S. 107 (1982)). Therefore, because petitioner did not raise grounds 1(g), 1(h), 1(i), 1(j), 1(k), 1(l), 3(a),

3(c), 3(e), and 3(h) at the trial level or on direct appeal, this Court must respect the state habeas court's ruling and find these claims procedurally defaulted. Alderman v. Zant, 22 F.3d 1541, 1550-51 (11th Cir. 1994); see also Lindsey, 820 F.2d at 1143-44; Parker v. Turpin, 60 F. Supp. 2d 1332, 1368-69 (N.D. Ga. 1999). "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998) (citations omitted). Therefore, these claims should be DISMISSED.

## C.    Ineffective Assistance of Counsel

Petitioner's remaining grounds of ineffective assistance of counsel were raised in his state habeas petition and/or on direct appeal. These claims include grounds 1(a), 1(b), 1(c), 1(d), 1(e), 1(f), 1(m), 2(a), 2(b), 2(d), 2(e), 2(f), 2(g), 2(i), 2(j), and 2(k). After considering each of these claims, the state courts denied relief. Resp. Exh. 4.

In its decision to deny habeas relief on petitioner's ineffective assistance of counsel claims, the state courts applied the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). This two part test requires a defendant to first

demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365,

375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Court is left to determine whether the state courts applied proper Supreme Court precedent, in this case the Strickland standard, and whether the precedent was applied reasonably. The record indicates that the state courts did indeed apply the Strickland test. Resp. Exh. 4 at pp. 15-22; Resp. Exh. 10 at p. 2. After reviewing the evidence in light of Strickland, the state courts denied petitioner's claims, finding that petitioner had failed to show both deficient performance and prejudice on any of his ineffective assistance of counsel claims.

### 1.    Ineffective Assistance of Trial Counsel Claims

Specifically, with respect to ground 1(a), the Georgia Supreme Court held that even if trial counsel had given the requisite Rule 31 notice to the state of prior acts of violence by the victim, the trial court would still have grounds for excluding evidence of the victim's prior violent acts because, based on testimony heard at a hearing on petitioner's motion for a new trial, it was clear that the only evidence that could be offered would relate to the victim's general reputation for violence and not any specific acts of

violence. Resp. Exh. 10 at 2. Therefore, the court held that petitioner had failed to show a reasonable probability that the jury would have reached a different verdict absent the alleged error of trial counsel.

The state supreme court also refused to find that trial counsel was ineffective for failing to object to the scope of the state's motion in limine [ground 1(c)] or in failing to proffer evidence concerning the prior acts evidence [ground 1(d)]. The court noted that petitioner was not prejudiced by these acts because he had been allowed to present his justification defense as well as introduce evidence of the victim's general reputation for violence.

With respect to ground 1(b), the Georgia Supreme Court held that trial counsel's failure to object to the state's failure to give notice of similar transaction testimony did not amount to deficient performance because the same evidence would have been admissible as rebuttal evidence to petitioner's own evidence of good character. With respect to grounds 1(f) and 1(m), the state supreme court held that trial counsel's failure to object to leading questions or point out inconsistent testimony in his closing

argument is merely a matter of trial strategy and does not amount to deficient performance.

These rulings are a reasonable application of the <u>Strickland</u> standard. Therefore, the Court finds that petitioner is entitled to no habeas relief on these claims.

It does not appear that either state court addressed petitioner's claim asserted in ground 1(e) – that trial counsel was ineffective because he did not move for a mistrial when the trial judge stated that he had not heard a question asked by the prosecutor. Resp. Exh. 9 at p. 62. The Court has reviewed the trial transcript and it does not appear that trial counsel had any ground to either move for a mistrial or object. Upon an objection to the prosecution's question, trial counsel objected on hearsay grounds. The trial judge stated that he had missed the question because a court employee was talking to him at the time. The judge asked that the question be repeated. After trial counsel repeated the objectionable question and the prosecution responded, the judge overruled the objection based on the res gestae exception to the hearsay rule. There is no indication that the trial judge's failure to hear the prosecutor's question when it was first asked prejudiced

petitioner in any way. The question was repeated and the trial judge made his ruling. Trial counsel was not unreasonable in failing to object or move for a mistrial. Habeas relief on this ground should be DENIED.

### 2. Ineffective Assistance of Appellate Counsel Claims

Petitioner has also asserted that his appellate counsel was ineffective for her failure to raise certain grounds on direct appeal. The same Strickland test that is used to evaluate claims of ineffective assistance of trial counsel applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

Applying this standard to petitioner's claims, the state habeas court found that petitioner's appellate counsel raised what she believed to be the strongest issues on appeal. The court further held that petitioner had failed to show that the issues he now raises were substantially stronger than those raised or that only an incompetent attorney would have failed to raise those issues.

Specifically, with respect to grounds 2(a) and 2(b), the state court found that petitioner had failed in his proof because he failed to ask his appellate counsel about those issues at the evidentiary hearing on his state habeas petition. Pursuant to 28 U.S.C. § 2254(e)(2), in order to be entitled to an evidentiary hearing on claims that he did not factually develop in state court proceedings, a petitioner must show that the claim relies on a new rule of constitutional law retroactively applicable to cases on collateral review or a factual predicate that could not have been previously discovered with due diligence. 28 U.S.C. § 2254(e)(2)(A)(i-ii). The petitioner must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for a constitutional error, no reasonable factfinder would have found the petitioner guilty of the

underlying offense. <u>Id.</u> at (2)(A)(ii). Petitioner has not made such a showing, and the record before the Court does not support a finding that petitioner's appellate counsel was ineffective for failing to raise on appeal trial counsel's failure to voir dire or poll the jury or trial counsel's failure to move for sequestration of the jury.

With respect to ground 2(d), the state court found that appellate counsel raised issues of trial counsel's failure to give Rule 31 notice of intent to raise prior acts of violence by the victim and of the trial court's denial of a request for continuance so that such notice could be perfected. The state court held that appellate counsel found these avenues to be the best means of raising the issue of trial counsel's advance notice of the state's motion to exclude prior acts of violence by the victim. The state court further held that petitioner had failed to establish that his appellate counsel's decision to raise the error through trial counsel's failure to give the notice itself and the trial court's failure to grant a continuance, as opposed to trial counsel's having advance notice of the motion in limine, was unreasonable. The state court also found that petitioner had failed to show that he was prejudiced

by this decision. The Court finds that this is a reasonable application of the Strickland standard.

With regard to ground 1(e), the state court found that petitioner had not shown that he was harmed by appellate counsel's failure to raise the trial court's decision not to give a cautionary instruction to the jury or admonish the bailiffs for having contact with jurors. According to appellate counsel's testimony, it was common for the bailiffs to have coffee with jurors.

The Court agrees that petitioner has not demonstrated that he was harmed by the trial court's failure to give a cautionary instruction to the jury or to admonish the bailiffs. There is no indication that the jurors and the bailiffs discussed matters dealing with the trial or that the fact that the jurors had coffee with the bailiffs had any effect on the verdict in this case. Appellate counsel was not unreasonable in failing to raise this ground on appeal.

The Court makes the same finding with respect to ground 1(f), which was not raised in the state court petition. In ground 1(f), petitioner argues that his appellate counsel was ineffective for failing to raise trial counsel's

failure to move for a mistrial based on the bailiffs' contact with jurors. Again, petitioner has not shown that this claim would have merit, much less that it had more merit than the other issues raised in his appeal. Habeas relief on this ground should also be DENIED.

In ground 2(g), petitioner asserts that his appellate counsel should have raised on appeal trial counsel's failure to request that cautionary instructions be given to the jury after his motion for mistrial based on Senior Judge John R. Harvey's presence in the courtroom was denied. Noting appellate counsel's testimony that she thought the best way to raise this issue was through the trial court's failure to declare a mistrial, the state habeas court found that petitioner had not shown that appellate counsel's performance was unreasonable or that had the issue been raised, his appeal would have been different. On direct appeal, the Georgia Supreme Court considered the issue of Judge Harvey's presence in the courtroom and found that there was "no evidence of any harm." Resp. Exh. 10 at 77. Under these circumstances, it is unlikely that the state supreme court would have held that trial counsel was ineffective for failing to

request a cautionary instruction. Habeas relief on this ground should be DENIED.

In ground 2(i), petitioner argues that his appellate counsel was ineffective because she did not raise on appeal the trial court's failure to instruct the jury on "mistake of fact." The state habeas court considered this claim and credited appellate counsel's testimony that she did not believe this issue had merit. Indeed, petitioner has not shown that this issue is more meritorious than the others raised on appeal, or that the result of his appeal would have been different but for appellate counsel's decision not to raise this issue. Habeas relief should be DENIED on this ground.

In ground 2(j), petitioner claims that his appellate counsel was ineffective because she did not raise on appeal trial counsel's failure to move for a mistrial based on the trial judge and Judge Harvey eating lunch at the same restaurant as the jurors. The habeas court considered this argument and found that petitioner had not shown any prejudice since appellate counsel's testimony confirmed that it was commonplace for judges to eat at the same restaurant in the small town where petitioner's trial took place.

The Court agrees that petitioner has failed to show prejudice. Habeas relief on this ground should be DENIED.

Lastly, in ground 2(k), petitioner alleges that his appellate counsel was ineffective for failing to subpoena his trial counsel to his motion for a new trial. The state habeas court considered this argument and found that appellate counsel had reasonable strategic reasons for not subpoenaing trial counsel – there was nothing to be gained from his testimony since he had admitted his error on record and there was a risk that his testimony might place his error in a less severe light. Petitioner has not shown that his appellate counsel's performance was deficient. He has also failed to show that subpoenaing his trial counsel would have changed the result of his appeal. Habeas relief on this ground should be DENIED.

After review of the evidentiary record and factual background of the case, this Court finds the state habeas court's determinations to be reasonable. Petitioner has failed to overcome the presumption of effectiveness in his trial and appellate counsels' development of strategy. These grounds for relief must therefore fail.

## D. Denial of the Right to Fair Trial

In ground three, petitioner makes a number of claims regarding the denial of the right to a fair trial: (1) the trial court's grant of the state's motion in limine; (2) the trial judge's expression of his opinion outside the presence of the jurors regarding what witnesses trial counsel should or should not call; (3) the trial judge's limitation on trial counsel's cross examination of Jackie Jenkins and Ronald Bell, Jr.; (4) the verdict is contrary to the evidence; and (5) the trial judge's refusal to grant petitioner's motion for a new trial. Petitioner raised these arguments in his direct appeal; however, petitioner did not assert any federal constitutional claims with respect to these arguments. Resp. Exh. 8, Appellant's Brief. Rather, his arguments were restricted to either state law grounds or there was no specific ground asserted other than a general assertion that the trial court had erred. It was not until he filed his state habeas petition that petitioner claimed that his federal due process rights had been violated.

To preserve an issue for collateral attack in a state habeas motion, under Georgia law petitioner must have "made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal."

O.C.G.A. § 9-14-48(d); see also Black v. Hardin, 336 S.E.2d 754 (Ga. 1985) (failing to timely object to any alleged error or to pursue such error on appeal will generally preclude review by writ of habeas corpus). Otherwise, the state habeas court will not grant relief unless petitioner demonstrates cause for his failure and actual prejudice. Id. The Eleventh Circuit, following Supreme Court precedent, has held that "the considerations of comity that underlie the procedural bar doctrine require federal habeas courts to honor state procedural rules, and not only state courts' procedural rulings." Lindsey v. Smith, 820 F.2d 1137, 1143 (11th Cir. 1987) (citing Engle v. Isaac, 456 U.S. 107 (1982)). In Lindsey, the petitioner argued that an Alabama coram nobis court must have resolved some of his claims on the merits, rather than procedural grounds, even though his petition was summarily denied without any opinion. Id. at 1142. The Eleventh Circuit disagreed, holding that the petitioner had never raised the specific equal protection claim contained in his federal habeas petition at trial or on direct appeal. Id. at 1143. This failure by petitioner procedurally barred that claim from being raised in collateral proceedings under Alabama law, even though the state court failed to explicitly find that the equal protection

claim was procedurally barred for that reason.  Id. at 1143; see also Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994); Parker v. Turpin, 60 F. Supp. 1332, 1367-68 (N.D. Ga. 1999).

Similarly, the record indicates that petitioner in this case did not raise his due process claims at the trial level or on direct appeal.  Petitioner's failure to raise these federal claims at either level, like the petitioner in Lindsey, resulted in leaving the issues unpreserved for review on the merits in any subsequent collateral proceeding.  O.C.G.A. § 9-14-48(d).

Petitioner did raise these federal constitutional claims for the first time in his state habeas case, and the state habeas court acknowledged that petitioner had raised due process claims.  However, the state habeas court also ruled that these claims had been raised on direct appeal and found to be without merit by the appellate court.  Accordingly, the state habeas court found itself bound by the appellate court ruling and precluded petitioner from "relitigating" those claims.  Resp. Exh. 4 at p. 8.

Apparently, in the process of reviewing petitioner's more than forty asserted grounds, the state habeas court failed to realize that the federal due process claims asserted by petitioner had not actually been raised on

direct appeal. While claims based on the same underlying facts had been asserted, petitioner had not previously claimed an entitlement to any relief based on the due process clause of the Fourteenth Amendment. Had the state habeas court noticed this subtle distinction in petitioner's claims, it would have ruled, as it did for the other claims not raised on direct appeal, that these claims had been procedurally defaulted pursuant to O.C.G.A. § 9-14-48(d). Resp. Exh. 4 at pp. 8-9.

Regardless of this mistake, it is evident from the record that petitioner did not raise these federal due process claims at trial or on direct appeal. Therefore, under Georgia law, those claims were procedurally barred from review by the state habeas court. Likewise, this Court must also honor the state procedural rule and deem petitioner's federal due process claims procedurally defaulted. Alderman, 22 F.3d at 1550-51; see also Lindsey, 820 F.2d at 1143-44; Parker, 60 F. Supp. at 1368-69.

Accordingly, petitioner is barred from asserting those claims in this Court unless he can demonstrate that the state habeas court would have excused his procedural default upon a showing of cause and actual prejudice. O.C.G.A. § 9-14-48(d); Parker, 60 F. Supp. at 1368. As noted

above, petitioner did assert a number of claims involving the ineffective assistance of his appellate counsel based on her failure to raise certain claims on appeal. However, as the Court has thoroughly explained, the state habeas court addressed those claims in its decision, holding that petitioner had not shown the requisite cause and prejudice to support any claim of ineffective assistance of counsel. Resp. Exh. 4 at 9-22. This Court has already concluded that the state habeas court's decision on those grounds was a reasonable application of the law.

Petitioner has failed to overcome his procedural default by demonstrating cause or actual prejudice. Because petitioner procedurally defaulted on his federal due process claims under Georgia law, he is barred from asserting such claims in this Court. "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998) (citations omitted). Therefore, petitioner's claims of federal due process violations should be dismissed.

## E.     Trial Court's Failure to Grant a Continuance

Unlike his due process claims, petitioner's claim that his Sixth Amendment rights were violated when the trial court denied his motion for a continuance was raised on direct appeal as well as in his state habeas petition.  Nonetheless, the Georgia Supreme Court did not address this claim in its opinion affirming petitioner's conviction.  Resp. Exh. 10.  The state habeas court also did not address this claim because it erroneously concluded that the appellate court found this claim to be without merit.  Resp. Exh. 4 at p. 7.  Therefore, it ruled that petitioner could not relitigate the claim in his state habeas petition.

Under 28 U.S.C. § 2254(d), this Court must give deference to a "claim that was adjudicated on the merits in State court proceedings."  As the Eleventh Circuit has made clear, however, no deference is due to the state court when it fails to address a federal constitutional issue altogether, either by overlooking the issue or by misconstruing petitioner's claim as raising some other issue which he has not asserted.  Davis v. Sec'y for Dep't of Corrections, 341 F.3d 1310, 1313 (11th Cir. 2003).  Other courts have concurred that while federal law requires deference to state court decisions,

"we can hardly defer to the state court on an issue that the state court did not address." Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001) (citing cases). See also Wiggins v. Smith, 123 S. Ct. 2527, 2542 (2003) ("Our review [of petitioner's Sixth Amendment claim] is not circumscribed with respect to prejudice, as neither of the state courts below reached this prong of the Strickland analysis."); Romine v. Head, 253 F.3d 1349, 1363-65 (11th Cir. 2001) (no deference is due a state court's decision of a federal constitutional issue when it appears that court probably had not decided it). Accordingly, this Court must review *de novo* petitioner's claim that his Sixth Amendment rights were violated by the denial of his motion for a continuance.[4]

The federal courts have continually emphasized the significant discretion vested in the trial judge regarding continuances and the deference due that discretion when a denial of continuance is challenged. "The matter of a continuance is traditionally within the discretion of the

---

[4]The Court notes that respondent does not contest exhaustion of state remedies in this case. The fact that the state appellate court did not address the federal constitutional issue raised by petitioner on appeal does not affect petitioner's exhaustion of his state remedies. By raising this issue on appeal, petitioner has made sufficient efforts to raise a federal constitutional Sixth Amendment claim, and the issue has been exhausted for the purposes of federal habeas corpus review. Hutchins, 715 F.2d 512, 519 (11th Cir. 1983); see also Howard v. Gavin, 810 F. Supp. 1269, 1272-73 (S.D. Ga. 1993).

trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." Ungar v. Sarafite, 376 U.S. 575, 586 (1964) (citing Avery v. Alabama, 308 U.S. 444 (1940)). The Supreme Court has further noted that "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." Morris v. Slappy, 461 U.S. 1, 11 (1983).[5]

Considering the broad discretion afforded a trial court in deciding whether to grant continuances, the Supreme Court supports an abuse of discretion standard for *de novo* review. See Isaacs v. United States, 159 U.S. 487, 489 (1895) ("That the action of a trial court upon an application for a continuance is purely a matter of discretion, and not subject to review by this court, unless it clearly be shown that such discretion has been

---

[5]The state authorities apply the same standard for addressing denial of continuances by a trial court. See O.C.G.A. § 7-8-22 ("all applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require."); Brown v. State, 278 Ga. 724, 729, 609 S.E.2d 312 (2004) ("Whether to grant a motion for continuance is entirely within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion.").

abused, is settled by too many authorities to be now open to question.")

(citations omitted).  The abuse of discretion standard mandates that "only

an unreasoning and arbitrary 'insistence upon expeditiousness in the face

of a justifiable request for delay' violates the [Sixth Amendment] right to

the assistance of counsel." Morris, 461 U.S. at 11-12 (quoting Ungar, 376

U.S. at 589).  "There are no mechanical tests for deciding when a denial of

a continuance is so arbitrary as to violate due process.  The answer must be

found in the circumstances present in every case, particularly in the reasons

presented to the trial judge at the time the request is denied." Ungar, 376

U.S. at 589.

The Eleventh Circuit also reviews denials of continuance using the

abuse of discretion standard.  Alderman v. Zant, 22 F.3d 1541, 1557-58

(11th Cir. 1994).  To determine whether the trial judge abused his

discretion in denying a continuance, the Eleventh Circuit examines four

factors:

> (1) the moving party's diligence in its efforts to
> ready its case prior to the date set for hearing;
>
> (2) the likelihood that the need for a continuance
> would have been remedied had the continuance been
> granted;

(3) the extent to which granting the continuance would have inconvenienced the court and the opposing party;

(4) the extent to which the moving party might have suffered harm as a result of the district court's denial

Rink v. Cheminova, Inc., 400 F.3d 1286, 1296-97 (11th Cir. 2005) (finding no abuse of discretion when court denied continuance to find replacement expert witness); Hashwani v. Barbar, 822 F.2d 1038, 1040 (11th Cir. 1987) (lower court "will not be overturned unless arbitrary or unreasonable," which is the language from Morris).

Applying the standards set forth above to petitioner's claims, it is clear that the trial court did not abuse its discretion in denying the motion for continuance. During trial, the state moved in limine to exclude evidence of prior acts of violence by the victim because petitioner's counsel did not give proper notice under Uniform Superior Court Rules 31.6 and 31.1. Resp. Ex. 9, pp. 9-11. The trial court granted the state's motion, excluding the evidence, and petitioner asked for a continuance in order to have time to file the proper notice. Id. at 13-14. The trial court decided not to grant the continuance, stating:

> Well, I'm granting the motion in limine and denying
> the motion of continuance. We have the jury here
> already.

Id. at 14. The trial court, at the same time, denied a motion for continuance by the state for a nonappearing witness. Id. at 15.

The trial judge's denial of the continuance was not unreasonable or arbitrary. The judge based his decision, at least in part, on the fact that the jury was already empaneled and present. The Supreme Court has specifically noted that the convenience of the jury is a factor suggesting trial judges should grant continuances in only rare circumstances. Morris, 461 U.S. at 11. Furthermore, petitioner was not prejudiced by the trial judge's denial of a continuance because petitioner was able to present his justification defense anyway and the trial court could have excluded any evidence sought with the Rule 31 notice as inadmissible. Mitchum v. State, 274 Ga. 75, 76, 548 S.E.2d 286 (2001).

On the related claims for ineffective assistance of counsel in failing to file the Rule 31 notice, the state habeas corpus court found that petitioner "was able to present his justification defense and introduce evidence of the victim's general reputation for violence." Id. While serving the Rule 31

notice would have allowed petitioner to present evidence of *specific* acts of violence, this evidence would not have contributed to the defense he actually presented: "Even if trial counsel had given the state the requisite notice, the trial court would not have abused its discretion in ruling inadmissible the evidence of specific acts of violence." Id. Basically, the trial court's denial of the continuance had no effect whatsoever on petitioner's trial because "[t]he testimony that [petitioner] gave at the hearing on the motion for a new trial was similar to his testimony at trial and described the victim's *general* propensity for violence rather than any *specific* act of violence against an individual." Id. (emphasis added). Therefore, not allowing the proposed specific acts testimony actually excluded no testimony.

These observations of the state habeas corpus court are helpful in assessing the four factors the Eleventh Circuit has utilized to determine whether trial courts abused their discretion in denying motions for continuances. The second factor, the likelihood that a continuance would have remedied the alleged need for one, counsels against abuse of discretion in this case. As noted above, the state habeas court found that had a

continuance been granted, the trial court would have been able to exclude any evidence that was the subject of a proper Rule 31 notice. In addition, petitioner presented his justification defense, apparently in full. The fourth factor, the harm suffered by the denial, likewise counsels against an abuse of discretion. According to the state habeas court, petitioner suffered no harm from the denial of a continuance.

The third factor, the extent of inconvenience the court would have incurred, counsels against an abuse of discretion. The court specifically noted the inconvenience to the jury if a continuance was granted. This type of inconvenience is one expressly considered by the United States Supreme Court. The inconvenience to the jury was apparently so significant to the trial judge that he also denied a motion for continuance by the state.

Finally, the first factor, the moving party's diligence, may counsel against an abuse of discretion. Here, trial counsel admitted fault in not filing the required notice in time. Thus, it appears that the moving party was not diligent regarding the notice prior to requesting the continuance. The state habeas court found that the failure to file the notice was not a violation of the Sixth Amendment right to effective assistance of counsel.

Therefore, the petitioner was merely the recipient of his counsel's harmless error, and the trial court did not abuse its discretion in denying the continuance.

Considering the four factors together, it is clear that the trial judge did not abuse his discretion in denying the continuance, and petitioner's rights under the Sixth Amendment (to the extent that they are even applicable) were not violated. Petitioner is not entitled to relief on this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the Court recommends that the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED** this _3/st_ day of **August, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA